**Kenny WILDER, Plaintiff,**

v.

**COMMISSIONER OF INTERNAL REVENUE SERVICE, Defendant.**

**Civ. A. No. 84–H–1168–N.**

United States District Court,
M.D. Alabama, N.D.

April 9, 1985.

Kenny Wilder, pro se.

Edward J. Snyder, J. Brian Ferrell, Jefferson K. Fox, U.S. Dept. of Justice, Tax Div., Washington, D.C., John Bell, U.S. Atty. and Kenneth E. Vines, Asst. U.S. Atty., Montgomery, Ala., for defendant.

## MEMORANDUM OPINION

HOBBS, Chief Judge.

This cause is now before the Court on defendant's motion for summary judgment, filed January 7, 1985.

Plaintiff brought this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, seeking the disclosure of certain information from the Internal Revenue Service. Prior to filing this action plaintiff submitted requests under the FOIA to the appropriate disclosure officer for said information (Exs. A and B to complaint). In response to said requests, over two hundred pages of materials were released to plaintiff while a number of other documents were withheld (Ex. C to complaint).

Contemporaneously with the filing of his complaint, plaintiff filed a motion to compel preparation of a *Vaughn* index. On November 29, 1984, a hearing was held on said motion. During the hearing defendant advised the Court that he intended to file a motion for summary judgment with supporting affidavits which would summarize each of the withheld documents which remain at issue, and the Court ordered defendant to file such a summary (Order entered Nov. 29, 1984).

On January 7, 1985, defendant filed its motion for summary judgment with a supporting affidavit from an attorney who is responsible for the defense of this action. Said affidavit summarizes each document at issue. Contemporaneously with the filing of said motion, defendant released a number of other documents to plaintiff.

At the time the instant motion was filed, there remained at issue five groups of doc-

uments. In plaintiff's opposition to said motion, filed February 8, 1985, he withdrew his request for documents which comprise two of these five groups. (Portions of Documents 13, 20, 21, 22, and 9, 11, 12, 17, 18, 19, 22, 24, and 26) Plaintiff confirmed his withdrawal of said request at the hearing held on the instant motion February 12, 1985. Accordingly, there remain at issue three groups of documents requested. Group One is comprised of documents 4 and 10. Group two is comprised of documents 14, 15, and 16. Group three is comprised of documents 9 and 17.[1]

### Group One (Documents 4 and 10)

■ The portions of documents 4 and 10 which are being withheld from plaintiff are those portions which identify his Discriminant Function Score (DIF). (See Affidavit to Motion par. 4) A DIF score is a standard used by the IRS to select returns for examination. Defendant contends that if such scores were released taxpayers might well be able to determine the scoring system and thereby circumvent the agency's law enforcement efforts by filing returns which are fraudulent yet within the range on the DIF Scoring System of those returns which will not be examined. Defendant asserts that such scores are exempt from the Act's disclosure requirements pursuant to 5 U.S.C. § 552(b)(7)(E) and subsection (b)(2). These Sections exempt from disclosure those investigatory records compiled for law enforcement purposes the production of which would "disclose investigative techniques and procedures" (§ (b)(7)(E)) and matters that are "related solely to the internal personnel rules and practices of an agency" (§ (b)(2)).

Without addressing the § (b)(7)(E) exemption, this Court is satisfied from the record that the disclosure of such specific DIF scores could well result in the circumvention of the law and undermine legitimate enforcement or agency regulatory procedures. The (b)(2) exemption has been held to apply to such matters. See *Crook-*

*er v. Bureau of Alcohol, Tobacco & Firearms*, 670 F.2d 1051 (D.C.Cir.1981) and *Caplan v. Bureau of Alcohol, Tobacco & Firearms*, 587 F.2d 544 (2d Cir.1978). The Court finds the subsection (b)(2) exemption to be applicable to documents 4 and 10.

### Group Two (Documents 14, 15, and 16)

■ Pursuant to this Court's order dated February 28, 1985, defendant has provided the Court with the documents in this group for an *in camera* inspection. Having made such an inspection and carefully considered this matter the Court is of the opinion that these documents are due to be exempt from disclosure pursuant to 5 U.S.C. § 552(b)(5). These documents are clearly confidential communications from attorney to client based on prior confidential communications from client to attorney and as such clearly fall within the attorney-client privilege recognized in *Brinton v. Department of State*, 636 F.2d 600, 605 (D.C.Cir. 1980). It is well settled that such documents as these which come within the ambit of the attorney-client privilege are, as defendant has correctly indicated, included within the subsection (b)(5) exemption. See *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975).

### Group Three (Documents 9 and 17)

These documents also have been inspected by the Court *in camera* pursuant to the aforementioned order. The defendant has represented to the Court by duly executed affidavit that documents 9 and 17 are identical documents and that each has been released to plaintiff in its entirety with the deletion of two sentences. The Court, having examined these documents with said deletions, concludes that the deleted portions of these documents are exempt from disclosure.

■ The first deleted sentence in documents 9 and 17 is exempt from disclosure pursuant to 5 U.S.C. § 552(b)(3) for it reflects "tax return information" of third

---

1. Certain numbered documents appear in several groups because portions of said document are sought for different purposes and relate to different information.

parties. The deleted sentence relates only to IRS action taken with respect to the tax liability of a person other than plaintiff and as such is clearly subject to this well recognized exemption. While the Court is satisfied that this material falls within 26 U.S.C. § 6103's mandate of confidentiality, in light of its decision under subsection (b)(3) of the FOIA, it need not consider whether that section also exempts this sentence from disclosure. The Court further notes that plaintiff has specifically advised the Court that he has no desire to obtain information which relates to action taken with respect to third parties.

■ The second deleted sentence of documents 9 and 17 is exempt from disclosure pursuant to 5 U.S.C. § 552(b)(2). It is clearly a statement which reflects law enforcement policies the disclosure of which this Court is satisfied would enable taxpayers to violate the law and avoid prosecution. See *Crooker, supra,* and *Caplan, supra.*

It is the conclusion of this Court, therefore, that there remains no genuine issue as to any material fact in this case and that defendant's motion for summary judgment is due to be granted.

A separate judgment will be entered in accordance with this memorandum opinion.